UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER D. SANDERS,

    Plaintiff,

    v.

STEVE MANSFIELD, *et al.*

    Defendants.

Case No. 07-5001 FDB/KLS

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXTENDED LIBRARY TIME

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court are Plaintiff's motions for appointment of counsel, for extended library time, and letters requesting visits by a U.S. Marshal or investigator. (Dkt. # 6, 8, 9, 13, 14). Having reviewed the motions and letters, the Court finds that Plaintiff's motions and requests should be denied.

## I. DISCUSSION

### A. <u>Plaintiff's Request for Counsel</u>

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. <u>Wilborn v. Escalderon</u>,

ORDER - 1

1 | 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984);
2 | Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires
3 | an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to
4 | articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d
5 | at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a
6 | decision on request of counsel under Section 1915(d). Id.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. Plaintiff has also not shown that there is a likelihood of success on the merits. Accordingly, the Court finds that counsel is not necessary in this case.

### B. Plaintiff's Request for Additional Relief

Plaintiff has filed two motions requesting the Court to direct the Lewis County jail to allow him eight hours of legal library time every day between the hours of 8 a.m. and 8 p.m. (Dkt. # 6, 9). In addition, Plaintiff has sent two letters to the Court requesting that a U.S. Marshal or investigator be sent to the jail to investigate Plaintiff's claims that the Lewis County jail is wrongfully denying him access to the library, his mail and meals.

Plaintiff has not provided any factual or legal support for his requests and absent any such showing, his requests should be denied. To the extent Plaintiff is asking this Court to order relief in the form of an injunction, Plaintiff, he must file a motion and serve it upon Defendants, who have now appeared and filed an Answer[1], according to the Court's rules governing dispositive motions. Additionally, to the extent Plaintiff seeks relief from this Court, he must do so in the form of a motion and not in the form of a letter. Plaintiff is directed to the Federal Rules of Civil Procedure

---

[1] Plaintiff's motions and letters were filed prior to Defendants' Answer to the Complaint, filed on February 23, 2007. (Dkt. # 16).

ORDER - 2

governing the filing of pleadings and motions and to the Court's Scheduling Order, entered by the Court simultaneous with this Order.

Accordingly, Plaintiff's motions to appoint counsel (Dkt. #8), for extended library time (Dkt. # 6, 9), and letter requests to the Court (Dkt. #13, 14) are **DENIED**.

The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  23rd  day of February, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3