1
2
3
4
5
6
7
8
9  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
10                  AT TACOMA

11  ROGER D. SANDERS, a/k/a ROGER D.
    TATUM,
12                                              Case No. C07-5001 FDB/KLS
             Plaintiff,
13                                              REPORT AND RECOMMENDATION
        v.
14                                              **NOTED FOR:  May 18, 2007**
    STEVE MANSFIELD, *et al.*,
15
             Defendants.
16

17        This 42 U.S.C. § 1983 Civil Rights action has been referred to United States Magistrate

18  Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before

19  the Court is Plaintiff's motion for a temporary injunction.  (Dkt. # 23).  Defendants oppose Plaintiff's

20  motion, arguing that Plaintiff has not met the requirements of either the traditional or alternative tests

21  which would warrant injunctive relief under Fed. R. Civ. P. 65.  (Dkt. # 24).  Having carefully

22  reviewed Plaintiff's motion, Defendant's opposition, and Plaintiff's reply (Dkt. # 36), the

23  undersigned recommends that Plaintiff's motion be denied.

24
25
26  REPORT AND RECOMMENDATION - 1

# I. RELIEF REQUESTED

Plaintiff is currently incarcerated in the Lewis County Jail in Chehalis, Washington. (Dkt. # 1-2, at II). Lewis County operates the Lewis County Jail in Chehalis, Washington. Defendant Chandra Wrzesinski is the current Jail Administrator. Defendant Steve Mansfield is the elected Sheriff of Lewis County, and Defendant Lt. Kevin Hanson is an officer assigned to the Jail. (Dkt. # 20.)

Plaintiff filed his proposed Complaint on January 2, 2007, and was granted leave to proceed in *forma pauperis* on January 10, 2007. (Dkt. # 3). Plaintiff seeks an injunction ordering Defendants to immediately (1) provide Plaintiff with access to a complete legal law library, which includes all RCW's, law dictionary, state and federal court rules, state, federal and supreme court appeals cases to research, plus sheppards, etc. [sic]; (2) that he be allowed access to the law library for eight hours per day between the hours of 8 a.m. and 10 p.m, Monday to Sunday; (3) during his library use, that he be given access to a bathroom at any time as needed; (4) that he be supplied with a new electric typewriter, typing paper, and copies and notes (as needed for a small fee to be charged to his inmate account); and (5) that the Court send an investigator to the Lewis County Jail to enforce the injunction.

# II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse

impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988). It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the

possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.* at 795. Under either test, Plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

## III. DISCUSSION

### A.     Plaintiff Has Not Demonstrated That He Will Suffer Irreparable Harm

Plaintiff argues that he is entitled to the injunctive relief he seeks because the Lewis County Jail has no law library.  (Dkt. # 23).  In response to his request to be taken to the law library to research his case, he was informed by one of the jail officers that there is no law library at the jail. (*Id.*, Exh. 1).  Plaintiff states that he cannot go forward with his case without the use of a law library and pursuant to the Court's Pretrial Schedule Order, he has only until May 28, 2007 to complete all discovery.  (*Id.*).

The Court's Pretrial Scheduling Order set the discovery deadline in this case for July 27, 2007.  (Dkt. # 19).  In addition, Plaintiff provides no explanation why the use of a law library is essential for the completion of discovery.   Other than the very general allegation that he is unable to "go forward with his case,"  Plaintiff has offered no evidence that he has been irreparably harmed or that he will suffer harm in the future if the Court fails to issue the extraordinary relief requested in his motion.

To secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). The burden of showing a likelihood of a recurrence of harm is "firmly on the plaintiff." *Id.* at 1251.    To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of*

REPORT AND RECOMMENDATION - 4

*California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Associated General Contractors*, 950 F.2d at 1410.

Prisoners have a federal constitutional right of access to the courts guaranteed by the Fourteenth Amendment. *See Bounds v. Smith*, 430 US. 817, 821 (1977); *see also Royse v. Superior Court*, 779 F.2d 573 (9th Cir.1986). However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 US. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Bounds*, 410 US. at 825.

The Ninth Circuit has established a two-step analysis for determining whether a right of access claim has merit. First, the Court decides "whether the claimant alleges a denial of adequate law libraries or adequate assistance from persons trained in the law." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). If the claim does not involve denial of either, the court must determine whether the plaintiff alleges an actual injury to court access. *Id*. "An 'actual injury' is a specific instance where an inmate was actually denied access to the courts. *Sands*, 886 at 1171. In order to state a claim for relief, the plaintiff must establish either that (1) he was denied access to an adequate law library or trained legal assistance or (2) he was actually denied access to the courts. *Id*. A "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." *Vigliotto v. Terry*, 873 F.2d 1201, 1202-03 (9th Cir. 1989). An "actual injury" is a specific instance where an inmate was actually denied access to the courts. *Id*.

Lewis County Jail offers indigent inmates access to counsel or standby counsel as an alternative means of access to courts. (Dkt. 24, Exh. 1). In fact, on November 28, 2006, in

response to Plaintiff's request for access to a law library, Plaintiff was offered the services of counsel for the specific purpose of accessing legal library materials, but he refused those services. (Dkt. # 45, Exh. A).  In response to the offer for standby counsel, Plaintiff stated, "No, I will guarantee you, you will have a law library before I leave here."  (*Id*.).

The jail also provides indigent inmates with unlimited envelopes and postage for legal mail and paper, envelopes and copies to indigent inmates upon request.  (*Id*.).  Plaintiff does not refute that these alternate means of access are available, but complains that they are inadequate because "not once in the 6 months [that he has been in the Lewis County Jail] has one inmate been happy with his court appointed attorney or his sentence."

These general and broad allegations do not give rise to a constitutional deprivation.  Plaintiff must be able to demonstrate that deficiencies in the prison's legal assistance facilities or programs directly affected his ability to pursue his legal claim.  Although the Lewis County Jail does not have a physical law library available, Plaintiff has been offered the services of standby counsel to assist him his legal research, but Plaintiff has declined those services.[1]

For the foregoing reasons, the undersigned recommends that Plaintiff's request for injunctive relief be denied.

**B.      Plaintiff Has Not Demonstrated That He Will Prevail On The Merits**

Plaintiff alleges that he is being refused access to courts, refused the right to equal work opportunities available to other inmates through which he could earn reductions to his sentence due

---

[1]Plaintiff should not confuse this Court's denial of his motion for appointment of counsel (Dkt. # 18) with the services of standby counsel offered by the Lewis County Jail as an alternative means of access to courts.

to medical disabilities, and that Defendants are hindering his efforts to access records relating to former time served, which would allow him to access the prison grievance process. (Dkt. # 4 at 3). Other than the general allegation that he is unable to go forward with his case, Plaintiff has presented the Court with no argument that he will prevail on the merits of his lawsuit. Accordingly, Plaintiff's motion for temporary injunctive relief may be denied on the basis that Plaintiff has not met his burden of demonstrating a likelihood of prevailing on the merits.

**C.     Plaintiff Has Not Demonstrated That The Burden Of Potential Harms Favors The Plaintiff or That the Public Interest Favors Granting Relief**

There is no evidence before the Court that Defendants violated the law or abused their own policies. Plaintiff has simply stated that he does not have adequate legal access, without providing evidence to support the assertion. To the contrary, the evidence reflects that he was offered standby counsel to assist him in getting legal library materials and he refused the offer. (Dkt. # 45, Exh. A). Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief may be denied on the basis that Plaintiff has failed to meet his burden of demonstrating that the burden of potential harm favors him or that the public interest favors granting him the relief he seeks.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunction (Dkt. # 23) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

REPORT AND RECOMMENDATION - 7

the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 18, 2007**, as noted in the caption.

DATED this  19th  day of April, 2007.


Karen L. Strombom
United States Magistrate Judge