UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROGER D. SANDERS (a/k/a ROGER D. TATUM),<br><br>Plaintiff,<br>v.<br><br>LEWIS COUNTY JAIL, *et al.*,<br><br>Defendants. | Case No. C07-5001 FDB/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO INCLUDE LOST EVIDENCE AND FOR INVESTIGATOR/ HANDWRITING EXPERT |

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3, and MJR 4. Before the Court is Plaintiff's motion to include lost evidence and for the appointment of a handwriting expert. (Dkt. # 31). Defendants oppose Plaintiff's motion. (Dkt. # 37). After careful review of the parties' submissions and balance of the record, the Court finds that Plaintiff's motion should be denied.

**DISCUSSION**

**A. Submission of Documents in Evidence**

Plaintiff submits several documents and asks the Court to accept the documents "as evidence" in the case. To the extent Plaintiff seeks an agreement from Defendants as to the authenticity of these documents, he should proceed pursuant to Rule 36 of the Federal Rules of Civil Procedure. To the extent Plaintiff seeks a ruling on the admissibility of these documents, the Court declines to rule on admissibility at

ORDER
Page - 1

this stage of the litigation. Plaintiff may wish to review the Federal Rules of Evidence governing the identification and authentication of documents.

**B.      Allegations of Forgery Appointment of Handwriting Expert/Investigator**

Plaintiff appears to argue that a medical release provided by the Jail's Medical staff releasing Plaintiff to work as a "pod" worker in the jail is a forgery. Plaintiff requests the Court to hire a handwriting expert to review the medical release for the purpose of determine whether it is forged and to hire an investigator to look into Lewis County Jail's attempt to cover-up a forged medical request form.

Rule 706 of the Federal Rules of Evidence allows the court to appoint a neutral expert on the motion of any party. The determination to appoint an expert rests solely in the court's discretion and the complexity of the matters to be determined and need for neutral expert review. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). The Court may appoint an expert witness where the plaintiff is indigent and an expert is needed to understand complex, technical or esoteric subject matter. 29 Charles Allen Wright & Victor James Gold, *Federal Practice and Procedure: Evidence* § 6304 (1997). The appointed expert is entitled to reasonable compensation, and in a civil case the compensation is paid by the parties and in such proportion and at such time as the court may direct. Fed. R. Evid. 706(b). Where one of the parties is indigent, the court may apportion all of the cost to one side. *McKinney v. Anderson*, 9824 F.2d 1500, 1510-21 (9th Cir. 1991), *vacated and remanded on other grounds*, 502 U.S. 903 (1991).

In this case, there is no need to engage expert opinion to determine whether or not a forgery occurred. If a forgery did occur, Plaintiff may establish that fact through testimony of witnesses or through his medical records which will establish what work he is able or not able to perform. The inquiry does not require the Court to engage in the evaluation of any complex, technical or esoteric subject matter. Plaintiff may certainly retain an expert witness or investigator on his own. However, under these circumstances, the Court finds no basis to hire a court-appointed expert or investigator on Plaintiff's behalf.

Accordingly, Plaintiff's motion to include lost evidence and for a handwriting expert (Dkt. # 31) is **DENIED**.

DATED this  11th  day of May, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3