UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER D. SANDERS, a/k/a ROGER D. TATUM,

    Plaintiff,

v.

STEVE MANSFIELD, *et al.*,

    Defendants.

Case No. C07-5001 FDB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's "Motion to Compel Medical Responses to Plaintiff's Request Forms and Complaints/Grievances (Dkt. # 57). Defendants oppose Plaintiff's motion. (Dkt. # 65). After careful review of the motion and opposition, the Court finds that Plaintiff's motion should be denied.

**I. DISCUSSION**

Plaintiff is currently incarcerated in the Lewis County Jail in Chehalis, Washington. (Dkt. # 1-2, at II). Defendant Chandra Wrzesinski is the current jail administrator, Defendant Steve Mansfield is the elected Sheriff of Lewis County, and Defendant Lt. Kevin Hanson is an officer

REPORT AND RECOMMENDATION - 1

assigned to the Jail. (Dkt. # 20.)  Plaintiff alleges that he is being refused access to courts, refused the right to equal work opportunities available to other inmates through which he could earn reductions to his sentence due to medical disabilities, and that Defendants are hindering his efforts to access records relating to former time served, which would allow him to access the prison grievance process.  (Dkt. # 4 at 3).

By the present motion, Plaintiff asks this Court to compel the Lewis County Jail to answer Plaintiff's questions about "his medical concerns with a certified, true, correct and complete answer to each and every grievance sent to Medical with a complaint written on it."  (Dkt. # 57 at 2). Defendants respond that Plaintiff's motion should be denied because the medical personnel caring for inmates of the Lewis County jail are not employed by Defendants, Plaintiff failed to confer with defense counsel pursuant to Local Rule 37 prior to filing his motion to compel, Plaintiff failed to exhaust his administrative remedies, and because Plaintiff cannot prevail on his Americans with Disabilities Act (ADA) employment discrimination case, the information he seeks is not relevant to his claims in this litigation.

Because the Court finds that it has no jurisdiction to direct the relief requested by Plaintiff and Plaintiff has failed to exhaust the prison grievance remedies before filing suit relating to his various complaints after he filed this lawsuit, Plaintiff's motion shall be denied.

### 1. Medical Care Provided by Lewis County Jail

The undisputed evidence before the Court reflects that inmates of the Lewis County Jail are provided medical care through the Steck Medical Group, a group of medical personnel who are not employees of Lewis County.  (Dkt. # 65, Exh. 1).  Accordingly, this Court has no jurisdiction over Steck Medical Group or its officials and employees and may not order any relief, provisional or

REPORT AND RECOMMENDATION - 2

otherwise, against this entity. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (5th Cir. 1999); *U.S. v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998).

### 2. Plaintiff's Motion to Compel Does not Comply with Court Rules

Plaintiff does not indicate that he has met and conferred with opposing counsel prior to filing this motion as required by Local Rule 37 (a) (2). For that reason alone, his motion to compel may be denied.

### 3. Exhaustion of Administrative Remedies

Defendant argues that Plaintiff appears to be seeking judicial review of various complaints *after* he filed this lawsuit and to the extent he seeks review of new grievances, he is required to exhaust prison grievance procedures before bringing these matters to court. Defendants are correct.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle,* 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id.* at 524. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001); *Woodford v. Ngo*. 548 U.S. ___, No. 05-416 at 1 (2006).

REPORT AND RECOMMENDATION - 3

1    Accordingly, Plaintiff's motion to compel (Dkt. # 57) is **DENIED**.

2

3    The Clerk is directed to send a copy of this Order to Plaintiff and counsel for Defendants.

4

5    DATED this 21st day of May, 2007.

	Karen L. Strombom
	United States Magistrate Judge

26   REPORT AND RECOMMENDATION - 4