UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER D. SANDERS,

    Plaintiff,

v.

STEVE MANSFIELD, *et al.*,

    Defendants.

Case No. C07-5001FDB

REPORT AND
RECOMMENDATION

**NOTED:
JUNE 22, 2007**

This civil rights action been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A), 636(b)(1)(B), and Local MJR 1, 3 and 4. Plaintiff moves to dismiss his case with prejudice.

## DISCUSSION

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

Plaintiff alleges that he is being subjected to unconstitutional conditions of confinement, but has been denied a "fair ground to litigate [his] civil rights complaint" in this Court. Plaintiff complains that his motions for counsel and extended library time (Dkt. # 18) and motion for handwriting expert (Dkt. # 70) were denied by the District Court and his motion for medical evaluation (Dkt. # 69) has been recommended for denial by this Court. Therefore, Plaintiff requests

that his entire action be dismissed with prejudice.

Defendants have filed an answer, but there is no summary judgment motion pending. Defendants join in Plaintiff's motion to dismiss, stating that each party should bear its own attorney fees and costs. (Dkt. # 77).

## CONCLUSION

The Court should dismiss this action as Plaintiff has stated that he no longer wishes to pursue his litigation in this Court. No motion for summary judgment is pending in this action. A proposed order accompanies this Report and Recommendation. As the undersigned is recommending dismissal of this action, the Court will not consider Plaintiff's motion to file brief (Dkt. # 52).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 22, 2007**, as noted in the caption and to strike Dkt. # 52 from the Court's Docket.

DATED this 23rd day of May, 2007.

Karen L. Strombom
United States Magistrate Judge